

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2003

# USA v. Crommarty

Precedential or Non-Precedential: Non-Precedential

Docket 01-3503

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Crommarty" (2003). *2003 Decisions.* Paper 704.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/704

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3503
_____

UNITED STATES OF AMERICA

v.

ABDUL CROMMARTY,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C.  No. 99-cr-00544-1)
District Judge: Honorable J. Curtis Joyner
_____

Submitted March 13, 2003
Submitted Under Third Circuit LAR 34.1(a)

Before: BECKER, Chief Judge, Rendell and Ambro
Circuit Judges.

(Filed   March 28, 2003 )

_____

OPINION
_____

BECKER, Chief Judge.

This is an appeal by defendant Abdul Crommarty from the judgment of the District

Court in a criminal case following a bargained-for guilty plea to a charge of carrying a

firearm by a convicted felon. Crommarty's counsel has filed a brief pursuant to *Anders v.*

*California*, 386 U.S. 738 (1967), stating, *inter alia*:

> Counsel has concluded that there are no non-frivolous issues for appeal in this matter and pursuant to *Anders v. California*, 386 U.S. 738 (1967), has submitted the instant brief, which refers to those portions of the record that might arguably support the appeal and directs the Court to the relevant law.

Having read the entire record, we agree with counsel that there are no non-frivolous

issues to raise on appeal. Judge Joyner's plea colloquy was thorough and precise, and there

has been no suggestion of any problem with it. We acknowledge that the *Anders* brief is

terse. After setting forth the background, basic facts[1], and procedural history,[2] it goes on to

---

[1] On or about June 11, 1999, Philadelphia police officers Cassidy #2342 and Mahalis #1943 observed a group of males drinking bee[r] on the corner of 1300 Chelten Avenue at approximately 4:34 p.m., as the officers approached in their vehicle, the group began to disperse. Officer Cassidy observed appellant, Abdul Crommarty, pull a silver handgun from his pocket and drop it to the ground. Appellant went north on Park Avenue and was followed by police where he was arrested at the rear of 6412 Park Avenue. The gun was recovered and placed on property receipt number 2207036.

[2] On September 8, 1999, a federal grand jury returned a one count indictment charging Abdul Crommarty with possession of a firearm by a convicted felon, in violation of 18 U.S.C. Section 922(g)(1). At his arraignment on November 24, 2000, appellant entered a plea of not guilty to the indictment. On May 3, 2001, appellant appeared before the Honorable J. Curtis Joyner and changed his plea to guilty to the one count indictment, pursuant to a written guilty plea agreement. Appellant was sentenced on August 28, 2001 to eighty-four (84) months imprisonment; three (3) years supervised release; a two hundred dollar ($200.00) [sic] fine and a one hundred-dollar ($100.00) special assessment.

state:

> The appellant, Abdul Crommarty, asserts that the sentence imposed is illegal. Pursuant to U.S.S.G., Chapter Five, Part A, based on a total offense level of 21 and a criminal history category of VI, the guideline range for imprisonment is 77 to 96 months. Appellant was sentenced to 84 months imprisonment. The $250.00 fine imposed is the least amount that can be imposed in his case. The Court may also impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. Section 3583(b)(2). The Court denied additional downward departure under 5K2.0 and 5K2.13 in calculating the offense level. In light of these objections, the sentencing of appellant was within the proper guideline range.

Notwithstanding the terseness of the brief, our reading of the record reflects that the succinct statements are accurate and does not suggest that there was more to say.

Crommarty was given notice that, under the circumstances, he could file a pro se brief, and he did so. The gravamen of the pro se brief is two-fold. First, Crommarty relates his dissatisfaction with (Court appointed) counsel's competence and attention to his case; he also relates "irreconcilable difference" with counsel. In a related vein, Crommarty alleges that counsel essentially abandoned him after sentencing ("leaving town"), so that he had to file his own notice of appeal. Second, and more substantively, Crommarty contends that counsel should have advanced additional grounds for downward departure, principally diminished capacity as the result of a head injury sustained in an assault when he was young.[3]

---

[3]The record reflects, however, that Judge Joyner must have been aware of it because it is referenced in the presentence report. Moreover, the government's sentencing memorandum contains the following material:

Whatever may be the merit of Crommarty's claims, they sound in ineffective assistance of counsel, which is not cognizable on direct appeal but only on a petition, which Crommarty is free to file, under 28 U.S.C. § 2255. *See United States v. Jake*, 281 F.3d 123 (3d Cir. 2002). Under the circumstances, the appeal is wholly without merit. We will therefore grant counsel's request to withdraw, deny the motion by appellant for appointment of new counsel, and affirm the judgment of the District Court.[4]

## D. The Defendant's Request for a Downward Departure

> The probation officer has notified the government that the defendant has filed a motion for a downward departure under Section 5K2.0 and 5K2.13, due the defendant's diminished capacity caused by head injuries received during an assault at age 14. USSG §5K2.13. . . .

[4]We also note our view that, because the issues presented in the appeal lack legal merit, they do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b)(2000).

4

TO THE COURT:

Please file the foregoing opinion.


 / s/ Edward R. Becker
Chief Judge